IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK SUMMEY, | : | CIVIL ACTION NO. **4:CV-05-0676** |
| | : | |
| Petitioner | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On April 4, 2005, Petitioner, Frederick Summey, an inmate at the United States Penitentiary at Allenwood ("USP-Allenwood") at White Deer, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).[1] Petitioner also paid the requisite filing fee. (Doc. 4). We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2]

---

[1] Petitioner also filed with this Court a Motion under § 2244 for Permission to File a Second or Successive   § 2255 Motion. (Doc. 2). However, such a motion must be filed in the appropriate court of appeals. 28 U.S.C. § 2244 (b)(3)(A) & (B).

[2] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**I. Background**.

The Petitioner was convicted on April 11, 1989, following a jury trial, in a United States District Court for the District of New Jersey,[3] of sexual assault, in violation of 18 U.S.C. § 2241(a). (Doc. 2, p. 1). Petitioner was sentenced on the stated offense to life imprisonment. (Doc. 1, p. 2). Petitioner states that he directly appealed his conviction to the sentencing District Court *via* § 2255 and to the Third Circuit Court of Appeals. Petitioner indicates that his appeals were denied in March, 1990, August, 1991, and October, 1992. (Doc. 1, pp. 3, 5).

Petitioner thus states that he filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence with respect to his charge. The Petitioner, in his Habeas Petition, states that the sentencing Court enhanced his sentence as a career offender under the U.S. Sentencing Guidelines ("USSG") using as a basis his prior convictions. Petitioner claims that the guideline for a sexual offense carries a base level of 31 and a criminal history category of IV. Petitioner states that the proper guideline sentence for his offense was 188-235 months. Petitioner now claims that the Court improperly enhanced his sentence for his 2 prior felony crimes of violence and sentenced him as a career offender under USSG § 4B1.1. The Petitioner claims that the Court raised his offense level to 37 which carries a guideline sentence range of 360 months to life imprisonment. (Doc. 2, p. 2). Petitioner states that the Court then used his criminal history to enhance his sentence a total of 16 points. (*Id*. ,p. 3).

---

[3]Petitioner's factual background is contained in his habeas petition and in his § 2244 motion. (Docs. 1 & 2).

The Petitioner claims that the sentencing Court could not impose the career offender and six-level Chapter 5 enhancement pursuant to the United States Sentencing Guidelines since this violated his Sixth Amendment right in that the jury did not find him guilty of (and he did not admit to) any of these factors for which his sentence was enhanced. (*Id*., p. 4). The Petitioner also contends that the aggregate six-point enhancement was based on factors which a jury did not find and to which he did not admit. The Petitioner states that "his prior convictions used to enhance him to career offender by judge is unconstitutional in direct violation of his Sixth Amendment ans (sic) so Petitioner should be re-sentenced." (Id., p. 5). Petitioner also states that he "should be re-sentenced at his base level before it was enhanced and his criminal history before it was moved from sixteen (16) to eighteen (18) points Criminal History Category VI, which would give him a sentence between 188-235 months of imprisonment." (*Id*.). [4]

Petitioner states that:

> The Supreme Court in <u>U.S. v. Booker,</u>  543 U.S. __, ..., 125 S.Ct. 738 (2005) held  sentencing under the Federal [Sentencing] Guidelines by judge-determined facts by preponderance violates the Sixth Amendment right to trial by jury; ... . Furthermore, <u>Booker</u> ... means that any fact that the judge relies on to establish a sentence range under the guidelines must be found by the jury or admitted by the Defendant .

(Doc. 2, pp. 3-4).

---

[4]The Petitioner now claims that the six-level enhancement for a career offender which he received at his sentencing, was improper based on the recent United States Supreme Court case of *U.S. v. Booker,* 125 S. Ct. 738 (2005), and  also based on  *Blakely v. Washington* 124 S. Ct. 2531 (2004). (Doc. 2, pp. 3-4 & Doc. 1, p. 4). In *Blakely v. Washington,* the Court clarified and constitutionally defined the term "statutory maximum" for purposes of *Apprendi v. New Jersey,* 530 U.S. ___, 120 S.Ct. 2348 (2000).

3

The Petitioner also relies upon *Blakely, supra*. Petitioner states that the jury's finding of facts did not include the facts leading to the 6-level enhancement found by the trial court. Further, Petitioner states that he did not admit to any of these factors used to enhance his sentence.

Petitioner, in the Motion filed along with his Habeas Petition, states that "Booker now constitute (sic) an intervening change in the law." (Doc. 2, p. 4).

Petitioner claims that his sentence of life imprisonment was the result of improper enhancements by the District Court based upon guideline levels for a career offender adjustment, a factor of which he was not found guilty by a jury beyond a reasonable doubt. Petitioner claims that at sentencing, the District Court relied upon his prior convictions and enhanced his offense level by a total of 6. The Petitioner contends that his sentence could not have been enhanced based on the stated factor found by the Court at sentencing, since this factor was not proven beyond a reasonable doubt. Petitioner claims that his sentence, which was the result of the sentencing court adding the stated enhancement he was not charged with and convicted of, exceeds the guideline range which the District Court could impose. Petitioner seeks to be re-sentenced at his base level before the sentencing court enhanced it so that his sentence will be 188-235 months.

Petitioner requests this Court to re-sentence him without use of the former mandatory guideline for criminal history 4 A1.1. Petitioner states that the U.S. Sentencing Guidelines were ruled unconstitutional by the Supreme Court in *Booker*. (*Id.*, pp. 4-5). Petitioner requests this Court to modify his alleged illegally imposed sentence, in light of *Booker*.

As stated, the Petitioner states that he directly appealed his 1989, judgment and sentence to the United States Court of Appeals and indicates that his appeal was denied. Petitioner also states that he filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the United States District Court which sentenced him.

The Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania on April 4, 2005. Petitioner states that the decision reached in *Booker* is an intervening change in the law which he could not raise in a § 2255, as such § 2255 is "inadequate" to raise the issue. (Doc. 2, p. 4). Thus, Petitioner seems to assert that the legal basis of his claim under *Booker* was unavailable and he could not raise it previously. However, the Supreme Court did not rule that *Booker* is retroactive.[5] The Petitioner also mistakenly seeks permission from this Court to file a second § 2255 motion. (Doc. 2). In any event, Petitioner seems to contend that § 2255 is inadequate or ineffective as his claim is based on new rule or intervening change in the law in light of *Booker.* (Doc. 2, p. 4).

Petitioner maintains that the District Court unconstitutionally applied the sentencing guidelines by using his prior convictions, as he was sentenced to a term of imprisonment exceeding the offense of which he was convicted. Therefore, the Petitioner argues that his sentence on the stated offense should be corrected to reflect a sentence within the applicable sentencing range without the enhancement factor which raised his Offense Level by 6 points. (Doc. 2, p. 5). Petitioner thus asserts that his maximum sentence of imprisonment was improperly increased based

---

[5]This Court in *U.S. v. Shade*, No. 1:CR-02-144-02, M.D. Pa. August 18, 2004, held that *Blakely* does not apply retroactively on collateral review. *See also Garcia v. U.S.*, 2004 WL 1752588 (W.D.N.Y.); *U.S. v. Stoltz*, 2004 WL 1619131 (D. Minn.).

on a six level enhancement, which he states was unconstitutional.

**II. Discussion.**

Petitioner filed the present Habeas Petition pursuant to 28 U.S.C. §2241, arguing that Section 2255 is inadequate and ineffective based upon the case the recent Supreme Court case of *Booker*. (Doc. 1 at pp. 4, 6).

In his present Petition, Petitioner seeks to challenge his sentence as in excess of the guideline range allowed for the crime of which he was found guilty. Petitioner states that the sentencing enhancement found by the Court was not based on facts he was convicted of, and since he was not found guilty, beyond a reasonable doubt, of being responsible for these factors, the District Court's finding that he was responsible for the stated factors was an improper basis to enhance his sentence guideline range. This Court has considered similar claims in other cases and has consistently found that § 2241 Petitions challenging sentencing enhancements should be dismissed for lack of jurisdiction.[6]

---

[6]Recently, this Court stated in a similar habeas petition that "to the extent Petitioner seeks to challenge his sentence under *Apprendi*, the proper vehicle would be to seek permission to do so *via* a successive § 2255 petition with the sentencing court." *Harris v. Williamson*, Civil No. 3:04-1227, M.D. Pa., July 22, 2004, at p. 4 (J. Nealon). In the case of *Taylor v. Williamson*, Civil No. 05-298, M.D. Pa., March 11, 2005, at p. 2 (J. Nealon), the Petitioner challenged his 2-point enhancement for firearm possession, and this Court stated that his §2241 habeas petition "is construed as nothing more than a successive § 2255 motion, which cannot be sustained absent certification by the court of appeals." As noted, in the present case, the Petitioner has stated that he filed a § 2255 motion with respect to his current sentence and he improperly seeks permission from this Court, as opposed to the appeals court, to file a successive §2255 motion. (Doc. 2). In any event, Petitioner's recourse is to seek permission from the Court of Appeals to file a second § 2255 motion.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus

7

petition. The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).

Clearly, the claim Petitioner presents in this Petition, challenging the length of his sentence and seeking to vacate it,[7] is within the purview of §2255. *See Taylor, supra.* Petitioner claims that he was given an improper sentence based on an increased guideline level.

In support of his efforts to have his Petition heard as a § 2241, the Petitioner seemingly contends that he is not procedurally barred from filing his present Petition since §2255 is "inadequate" because his claim is based on an intervening change in the law or a new rule in light of *Booker*. Petitioner also states that the mentioned enhancements made by the sentencing court were not subjected to the constraints of *Booker*. We find no merit to these arguments. Petitioner clearly could, and has tried to, request the court of appeals to certify a successive § 2255 motion, and he could raise his present claims in such a motion.

In his Petition, Petitioner is challenging sentencing enhancements which were based on the sentencing court's findings which were not were not part of the charge to which he was found guilty. Petitioner claims that, if he was sentenced in accordance with the maximum guideline range allowed for his offense level, *i.e.,* without the 6-point enhancement made by the sentencing court,

---

[7]Petitioner contends that the guideline offense level to which he should have been subjected for his convicted offense, was unlawfully enhanced by the sentencing court, by unconstitutionally applying the Sentencing Guidelines, when it raised his offense level by 6 points based on his prior criminal history.

he would have been facing a shorter term of imprisonment, namely 188-235 months. Thus, Petitioner maintains that his sentence exceeds the guideline range which would have been allowed if he was sentenced in accordance with the proper penalties for his charged and convicted offense. We find Petitioner's claims to be unavailing in light of the law of this Circuit.

Petitioner is claiming that his sentence was unconstitutionally enhanced in light of the recent Supreme Court case of *Booker*, arguing that his penalty was increased by the sentencing court's reliance on a factor, *i.e.* his prior criminal history, not found by the jury. We find that Petitioner's recourse is to seek permission from the appeals court to file a second motion under 28 U.S.C. § 2255 with respect to his April, 1989, sentencing. Further, Petitioner contention that his sentence of life exceeded the statutory maximum sentence to which he claims he should have been subjected for the offense he ultimately was found guilty of should be raised in a §2255 motion. *Taylor, supra*.

With regard to the Petitioner's sentencing argument, as discussed, we find that this is clearly an issue that is to be raised in a § 2255 petition, of which he has already availed himself with respect to his current sentence. The Petitioner must seek his relief *via* that vehicle even if he is required to obtain permission from the appeals court to file a second § 2255 motion. *Okereke, supra.; Taylor, supra*.

In this case, even though the Petitioner has already filed a §2255 motion regarding the sentence for which he is presently incarcerated, he does not demonstrate a personal inability to utilize this remedy. Despite the fact that he did file a previous §2255 motion as to his sentence, he does not establish the inadequacy or ineffectiveness of the remedy itself. *See Berry v. Lamer*,

9

Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

We find that the present Habeas Petition should be dismissed for lack of jurisdiction. In the case of *Okereke,* 307 F. 3d at 120, the Third Circuit held that the petitioner's case did not fit within the narrow exception of *In re Dorsainvil* on the basis that *Apprendi* was an intervening change in the law that petitioner could not have predicted and used as the ground of a §2255 motion. The Court further stated that, "[u]nlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was

convicted, not criminal.  Accordingly, under our *In re Dorsainvil* decision, § 2255 was not inadequate or ineffective for Okereke to raise his *Apprendi* argument." *Id*. at 120-121.

The Third Circuit again found that in a case similar to our Petitioner's, the District Court properly held that the petitioner could not file his petition under §2241.  In the case of *Reaves v. Lewisburg*, —F. 3d—, 2003 WL 193951 (3d Cir.(Pa.)), the petitioner claimed that §2255 was an inadequate and ineffective means to raise an *Apprendi* claim.  The court stated that the petitioner's argument was "foreclosed by our decision in *Okereke*..., where we held that under *In re Dorsainvil*, §2255 is not inadequate or ineffective for individuals to raise *Apprendi* claims."  The court went on to state that *"Apprendi* dealt with sentencing and did not render the drug law at issue non-criminal. *Okereke* is dispositive of that issue here."  Thus, the court held that the petitioner was not entitled to file his petition under §2241.[8]  Moreover, *Apprendi* also does not find any conduct of which our Petitioner was convicted (sexual assault) to be no longer criminal.  Further, *Apprendi* and *Blakely*[9] deal with sentencing, as do our Petitioner's claims.  Clearly, the Third Circuit has held that § 2255 is not inadequate or ineffective to raise such claims.

---

[8] In a recent unreported slip opinion, the Third Circuit cited to *Okereke*, 307 F.3d at 120-121, and once again held that *In re Dorsainvil* did not extend to *Apprendi* claims.  *Ilodi v. Gerlinski*, C.A. No. 01-4421 (3d Cir. 2003) (Per Curiam).

[9] The Supreme Court in *Blakely v. Washington*, *supra*, invalidated a convict's sentence which, under the Washington State sentencing guidelines, was given an upward departure by the sentencing court based on facts not established by the jury's verdict and not proven beyond a reasonable doubt.  In *Blakely*, the state court sentenced the defendant to more than three years above the 53-month standard guideline range for second degree kidnaping, to which the defendant pled guilty, but below the ten-year maximum for class B felonies, based on the court's own finding (not admitted to by the defendant or found by a jury) that defendant acted with deliberate cruelty.

As noted above, this Court has already held that *Blakely* does not apply retroactively to cases on collateral review. *Shade, supra*. Our Petitioner's judgment of conviction became final (October 29, 1992 (Doc. 1, p. 3)) well before *Blakely* was decided (June 24, 2004). This Court also very recently noted in *U.S. v. Brown*, 2005 WL 318701 (M.D. Pa.), *5, n. 5., that the Supreme Court in *U.S. v. Booker*, 125 S.Ct. 738, 769 (2005), "explicitly stated that its *Booker* decision applied to all cases 'pending on direct review or not yet final.'"(citation omitted). Our Petitioner's case is not pending on direct review, and his Judgment and Conviction is final.

In another recent case, *U.S. v. Barnes,* 2005 WL 217027 (E.D. Pa.), *2, the Court stated that a motion for reduction of sentence under *Booker* was essentially a § 2255 motion. In the present Habeas Petition, Petitioner is basically filing a *Booker* motion for reduction of his life sentence. He asks this Court to reduce his sentence and to resentence him as required by *Booker*. (Doc. 2, pp. 4-5). As discussed, Petitioner's recourse is to seek certification from the Court of Appeals to file a successive § 2255 motion. As the *Barnes* Court held, Petitioner's motion for reduction of sentence under *Booker* "is tantamount to a motion under 28 U.S.C. §2255." *Id*. Also, as in *Barnes,* our Petitioner's Habeas Petition seeking a reduction of sentence under *Booker,* is really a § 2255 motion and therefore, his Habeas Petition should be dismissed.[10]

Based upon the now well-settled case law in this Circuit, Petitioner's Habeas Corpus Petition should be dismissed for lack of jurisdiction without directing service of it on Respondent.

---

[10]We note that in *U.S. v. Brown*, 2005 WL 78926 (E.D. Pa.) at *9, the District Court for the Eastern District PA also found that *Blakely* does not apply retroactively to cases on collateral review.



**III.  Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petition be dismissed.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: April 19, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK SUMMEY, | : | CIVIL ACTION NO. **4:CV-05-0676** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **April 19, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                  **s/ Thomas M. Blewitt**
                                  **THOMAS M. BLEWITT**
                                  **United States Magistrate Judge**

**Dated: April 19, 2005**